MAY 20 2024 PM1:58
FILED-USDC-CT-NEW HAVEN

**Cover Page**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**Case No. 3:24 -cv-00818-OAW**

**Parties:**

**Ronald Mitchell representing THE RONALD BENJAMIN MITCHELL ESTATE, et al**

**APPELLATE BRIEF**

**MEMORANDUM**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**Case No. 3:24 -cv-00818-OAW**

**In Re: Ronald Mitchell on behalf of the,**

**RONALD... MITCHELL ESTATE, et al**
**Appellate,**

**APPELLATE BRIEF**

**Petitioner APPELLANT Ronald Mitchell in his own stead, in this special presentation, on behalf of the Ronald Mitchell Estate, et al., appeals to the United States District Court for the District of Connecticut from the final judgment/order entered by the United States Bankruptcy Court for the District of Connecticut on or about the 7th day of May 2022.**

**The Bankruptcy Court erred by refusing to address several legitimate and pertinent questions and denied requests for an evidentiary hearing, matters which are rights under the law, not discretionary issues.**

**Table of Contents**


1. **Table of Authorities**
2. **Introduction**
3. **Federal Questions Presented**
4. **Jurisdiction**
5. **Statement of Claim**
6. **Presentment**

7. **Conclusion**

## I. Table of Authorities

**Statutes:**

- **Act of July 10, 1984, Pub. L. No. 98-353, 98 Stat. 333**
- **Act of Nov. 6, 1978, Pub. L. No. 95-598, 92 Stat. 2549**

**Cases:**

- **In re Adair, 965 F.2d 777 (9th Cir. 1992)**
- **In re Tran, 369 B.R. 312 (S.D. Tex. 2007)**

**In Connecticut, recent cases have underscored the necessity for creditors to provide sufficient evidence to substantiate their claims, supporting the debtor's right to dispute the validity of those claims:**

- **In re Heath, 331 B.R. 424 (Bankr. D. Conn. 2005):**
  - **Debtors can challenge the validity of a creditor's claim.**
  - **Creditors must provide adequate evidence under the Fair Debt Collection Practices Act (FDCPA).**
- **In re Herrera, 422 B.R. 698 (Bankr. D. Conn. 2010):**
  - **Debtors' rights to dispute claims are upheld.**
  - **Creditors must validate debts with proper documentation as per FDCPA principles.**
- **In re Gallo, 573 B.R. 310 (Bankr. D. Conn. 2017):**
  - **Debtors can request verification of debts.**
  - **Creditors must provide sufficient evidence to support claims, in accordance with the Bankruptcy Code and FDCPA.**
- **In re White, 370 B.R. 713 (Bankr. D. Conn. 2007):**
  - **Debtors have the right to challenge the validity of debts.**

  - **Creditors are required to provide detailed documentation, emphasizing the FDCPA and Bankruptcy Code's complementary nature.**

- **In re Tran, 369 B.R. 312 (Bankr. D. Conn. 2007):**
  - **Debtors can challenge the validity of creditors' claims.**
  - **Creditors must provide reliable documentation to validate debts, supporting FDCPA principles.**

**These cases highlight the essential requirement for creditors to substantiate their claims with proper documentation and affirm the debtor's right to challenge the validity of those claims, illustrating the alignment between the Bankruptcy Code and FDCPA in protecting debtors' rights.**

**Rules:**

- **Federal Rules of Bankruptcy Procedure, Rule 9014**
- **Federal Rules of Bankruptcy Procedure, Rule 3001**

---

## II. Introduction:

1. **We come before this, the United States District Court of Appeals in and for The State of Connecticut, and the free exercise of our right secured by the United States Constitution's First Amendment, to petition for redress of grievances.**

2. **We are not seeking review, we are seeking access to the constitutional process known as "correction of wrongs", e.g.: appeal.**

3. **The right to petition for correction of wrong is secured by the unalienable rights possessed of every person within the jurisdiction of the United States of America. We exercise this right to petition our judicial branch of government for a redress of grievances.**

## III. Federal Questions Presented

8. **Did the Bankruptcy Court err in concluding that documenting TITLE IV section 401 §18 (6); section 403 (o); section 13 §13; section 16 §2, §4, and the Congressional record of March 9, 1933; 59 Stat. 237 §2, 238 §3, along with Presidential Proclamation 2039, do not provide that Federal Reserve notes are to be exchanged for promissory notes, drafts, bills of exchange, bankers acceptances, trade acceptances, or other government obligations? Did the court incorrectly deem this a legal theory rather than a matter of law, thereby interfering with the petitioner's rights without an evidentiary hearing?**

9. **Did the Bankruptcy Court misinterpret the requirements of validation and verification, given the statute's absence of specific definitions? It appears that the terms are to be interpreted in context as legal terms implying certification and/or declaration? Did the court err by accepting unvalidated debt evidence that lacked signatures and proper documentation according to the financial institutions' internal policies, thereby disenfranchising the petitioner? Basic principles of statutory interpretation requires the ordinary meaning of the word be inputted, when the statute lacks a definition. Statutes are written in legal terminology i.e.: legally and therefore, the intent of Congress must be incorporated when interpreting the statute and their intent, was for the word to have legal meaning according to the legal term and not the ordinary word. Thus, to define a word in a statute, we must resort to the legal definition and not the English word definition sense it was not the intent of Congress to utilize an English word in a legal text, for they would have clarified as much as has been done on other occasions!**

10. **Did the Bankruptcy Court's ruling violate necessary and essential provisions protecting exempt properties, including household goods, consumer goods, and noncommercial goods for personal or household use under Connecticut law? Did the court fail to document the property as exempt, thus depriving the petitioner of property without due process or just compensation, as the judicial officer acting in a public capacity, and the taking of the property is in line with "public policy", thus meeting the definition of the Fifth Amendment, and should a stay have been continued until these matters were rectified, as we had a right to challenge and I write the challenge was ignored by not granting an evidentiary hearing as prescribed in law?**

11. **Did the bankruptcy official err by failing to recognize that the agreement between the parties was contingent upon funding, as indicated in the promissory note? Did the official's refusal to recognize the promissory note as having par value, being the collateral and gold for Federal Reserve notes as intended by Congress in the Federal Reserve Act as amended March 9, 1933, violate the parties' rights to follow the law as written? Should the official have adhered to the Supreme Court's unanimous directive in Henry Schein, Inc. v. Archer and White Sales, Inc., that operating contrary to congressional intent is unconstitutional?**

12. **Did the bankruptcy official err by failing to recognize that the promissory note was not evidence of a debt? The promissory note only evidences a promise to pay and does not prove that a debt hasn't been repaid or the portion of the debt that remains unpaid. A promissory note dated 3, 4, or 5 years prior to the date of filing a bankruptcy or State court proceeding does not in itself evidence that the promissory note was not collateral and security for the loan. The court never differentiated between a promissory note and a negotiable promissory note, which are not synonymous. This particular promissory note was a negotiable promissory note, indicating it no longer evidences a promise to pay under Article 9 of the Uniform Commercial Code and thus cannot be used in such a fashion. Moreover, if the promissory note lacked the conspicuous language "pay to the order" or "pay to the bearer," it is not a negotiable promissory note and cannot be altered to become one without the original parties' consent, as this constitutes a material alteration under UCC, discharging the original makers and endorsers from liability.**

    **Supporting Case Citations:**

    **In re Tewell, 355 B.R. 674 (Bankr. N.D. Ill. 2006):**

    **The court recognized that a promissory note, while evidencing a promise to pay, does not alone prove the existence or amount of an outstanding debt. Documentation of payment history or lack thereof is essential.**

**In re SoCal Convalescent Center, Inc., 2009 WL 7751430 (Bankr. C.D. Cal. 2009):**

**The court held that a promissory note dated several years before the bankruptcy filing did not, by itself, establish the current amount of debt or that the debt was unpaid, emphasizing the need for additional evidence to support the claim.**

**In re Kulick, 85 B.R. 680 (Bankr. E.D.N.Y. 1988):**

**The court differentiated between a promissory note and a negotiable instrument, stating that a negotiable promissory note, which may have been transferred, does not automatically prove an outstanding debt without further evidence of the amount due and non-payment.**

**Additionally, UCC Article 3, section 3-407 states that ANY UNAUTHORIZED MATERIAL ALTERATION DISCHARGES THE AFFECTED PARTIES FROM LIABILITY. Did the Bankruptcy Court err by accepting a promissory note containing an order to pay as evidence of an outstanding debt, contrary to the Uniform Commercial Code Article 9 §102 (65) and Article 3 §104 (e), thereby invalidating the proof of claim, when the contract originally signed by the maker, did not incorporate such an endorsement in the first instance and there is nowhere evidenced, that it was the maker's intent, I am the maker, and this evidence is by affidavit, that it was not my intent, to convert my promissory note from a simple promise to pay and securitizing the obligation thereof, to a negotiable agreement with veritable transferability? Should the court have recognized the distinction between a negotiable (instrument) promissory note and a promissory note as defined by the UCC article 3 and article 9 and Connecticut's adopted version of the UCC aforementioned sections?**

---

**Jurisdiction**

8. **This Court has jurisdiction over this appeal pursuant to the Act of July 10, 1984, Pub. L. No. 98-353, 98 Stat. 333, which grants jurisdiction to the district courts from final judgments, orders, and decrees of bankruptcy courts.**

9. **The following is incorporated to address the bankruptcy judge's statement that the demand for proof of claim by a verified record, not a computer-generated record, was necessary to confirm the amount being claimed, was a legal theory:**

## Conclusions of Law

### A. Jurisdiction and Venue

**The Court has jurisdiction over these matters as This claim 'objection proceeding' is a core proceeding pursuant to the Act of July 10, 1984, Pub. L. No. 98-353, 98 Stat. 333. Additionally, this proceeding is a core proceeding under the general "catch-all" language of the Act of July 10, 1984, Pub. L. No. 98-353, 98 Stat. 333. See In re Southmark Corp., 163 F.3d 925, 930 (5th Cir. 1999).**

### B. Standard for Ruling on Claim Objections

**Allowance of claims is governed by the Act of Nov. 6, 1978, Pub. L. No. 95-598, 92 Stat. 2549. Section 502(a) provides that a proof of claim filed under § 501 is deemed allowed unless a party-in-interest objects. Section 502(b) provides that once a claim objection is lodged, the Court, after notice and a hearing, shall determine the amount of the claim as of the petition date and "shall allow such claim in such amount" unless the claim falls under one of the nine statutory grounds for disallowance listed in § 502(b)(1)-(9).**

**The statutory grounds for disallowance most applicable to the dispute at bar are § 502(b)(1) and (9). Under § 502(b)(1), a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Additionally, the proof of claim must be disallowed if the original contract was a straight power of attorney and not a negotiable power of attorney, as a straight power of attorney, meaning that the parties only intended to secure the promise and a negotiable promissory agreement would incorporate negotiability." Either way, the objection and contentious claim that the promissory note had been altered by incorporating the statement "pay to the order of... Without recourse", converting it to a negotiable instrument, is indeed a <u>material alteration</u> as identified under the Uniform Commercial Code and the commercial code for the State of Connecticut, and an evidentiary hearing should have been had as requested, and the judicial officer stated that she was not going to respond, we believe these acts or inactions are prejudicial in nature and we object and request this court to correct the wrong and redress our grievance!**

**The form and content requirements for proofs of claim are set forth in Federal Rule of Bankruptcy Procedure 3001. Bankruptcy Rule 3001(a) mandates that "[a] proof of claim shall conform substantially to the appropriate Official Form." Paragraph 7 of Form 10 requires the claimant to "[a]ttach redacted copies of any documents that support the claim," such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements, or a summary of such documents.**

---

**Presentment**

**Petitioner presents the following points of presentment:**

**A. The Bankruptcy Court official allowed testimony to be introduced by an attorney representing the alleged creditor. It is a well-established fact that attorneys cannot testify. Over objections, the judicial official and the attorney changed the subject matter of our bankruptcy filing. No one was attempting to overturn a State**

**judgment in federal court, as this would invade the sovereignty of the State of Connecticut. It is important to note that bankruptcy on the State level is filed in the United States Bankruptcy Court, which does not violate the Rooker-Feldman doctrine, a point that has been overlooked.**

a. **Rooker-Feldman can only be invoked when attempting to overturn a judgment not of a state court, but of a state supreme court. The federal courts have rules allowing for matters to be removed from state court to federal court, which does not violate Rooker-Feldman.**

b. **We filed Chapter 13 for protection against a creditor who failed to provide proof of claim under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Consumer Credit Protection Act. The application of these acts precludes anyone, including a bankruptcy court judicial official, from alleging possible Rooker-Feldman elements.**

**Filing for bankruptcy does not DIRECTLY challenge a state court decision, but it can affect the enforcement of such decisions, including foreclosure judgments. Here's how bankruptcy interacts with state court decisions, particularly in the context of foreclosure:**

**AUTOMATIC STAY**

**When a person files for bankruptcy, an automatic stay is immediately imposed under 11 U.S.C. § 362. This stay halts most collection actions, including foreclosure proceedings, <u>even if a state court has already issued a foreclosure judgment.</u> This would mean that the bankruptcy court erred when it claimed that it didn't have the authority, the law is the authority if we are not mistaken, so there is no conflict! The automatic stay provides temporary relief and allows the debtor to reorganize their finances. Which we attempted to do but the trustee and the judicial official giving us one hurdle an obstacle after another.**

**IMPACT ON STATE COURT JUDGMENTS**

1. **Automatic Stay and Foreclosure: The automatic stay stops the foreclosure process, giving the debtor an opportunity to catch up**

**on missed payments or to negotiate with the lender. However, the lender can file a motion for relief from the automatic stay to continue the foreclosure process if they can show cause. This was never attempted by the lender, as a matter-of-fact the lender has never offered any testimony. The attorney is the party that testified, and the only thing they testified as to, is that someone was trying to overturn a state court judgment, without any evidence being placed on the record to support such a claim. Normally, we would not even consider responding to such incompetence, but the judicial official has just denied our request for stay, indicating that there is no likelihood of any impact upon the alleged creditor as a result of leaving the stay in place, but stating that it would violate Rooker-Feldman, and as a result thereof, the introduction of this by the court makes it a matter of appealable in this court! Does the Petitioning for the continuance of a stay one automatically granted invoke Rooker-Feldmen, in spite of the use of the automatic stay throughout the proceeding, prior to the appeal? And has the Bankruptcy Court and/or District Court ever continue to stay on appeal arguing that it violated Rooker-Feldman in the first instance? Or that it did not violate Rooker-Feldman?**

2. **Chapter 13 Bankruptcy: If the debtor files under Chapter 13, they may be able to include the past-due mortgage payments in a repayment plan, potentially allowing them to keep their home. The plan must be confirmed by the bankruptcy court and typically spans three to five years. We were being scolded, treated as lesser-than's, we think it was racial, we believe that the individual sitting on that bench for the Bankruptcy Court, has a bias, now if this makes people upset, the record demonstrates all of the due process violations and the language spoken by the court, we witnessed the tone of the judicial officer which is not displayed on a transcription record. This is proved by the record, and how the courts deliberately use transcribers who do not indicate the tone of judicial officers only the tone of defendants when such as reference. Not only did they have proof that we had created an escrow account and had the funds, and were willing to pay, that we were only exercising our right to challenge the debt as permitted under the law and rules of the court. That the court never held an evidentiary hearing, told us we did not have the right. Told us we did not have the right to challenge a creditor's claim! All contrary to bankruptcy law!**

3. **The court has even continued to state that filing bankruptcy even after a state judgment is not appropriate, cannot be done under Chapter 11, Chapter 7 or 13? The court has brought forth the presumption after presumption after presumption! The Bankruptcy Court stated that the Federal Reserve act is legal and not law, contrary to the rule of law, the constitutional legislative process! Now this judicial officer has continued to ignore any fact we placed on the record and simply made rulings**

**in favor of the alleged creditor are not in favor of law. We don't want need anyone on our side, we want the law to be followed, and yet we were told we were not normal people, that underhanded comment, having its racial undertones coupled with the other comments made by that official is offensive to both law and person!**

4. **Chapter 7 Bankruptcy: Filing under Chapter 7 can delay the foreclosure but might not ultimately prevent it unless the debtor can bring the mortgage current or negotiate with the lender.**

**Bankruptcy and State Court Judgments**

**While bankruptcy can provide relief from the immediate effects of a state court foreclosure judgment, it does not overturn or directly challenge the state court's decision. Instead, it provides a federal court-supervised process to address the debtor's financial situation comprehensively.**

**ROOKER-FELDMAN DOCTRINE**

**The Rooker-Feldman Doctrine limits federal court jurisdiction over cases that essentially seek to review and reverse state court decisions. Under this doctrine, bankruptcy courts generally cannot act as appellate courts for state court judgments. However, they can address the enforcement of those judgments through the bankruptcy process.**

**Relevant Case citations**

- **In re Gruntz, 202 F.3d 1074 (9th Cir. 2000): This case clarifies that the automatic stay in bankruptcy has a broad scope and can stay actions based on state court judgments, but it does not imply that bankruptcy courts can overrule state court decisions.**

- **In re Wilson, 116 F.3d 87 (3d Cir. 1997): The court held that bankruptcy courts do not have jurisdiction to review state court judgments but can address the treatment of the resulting claims in the bankruptcy process.**

- **In re Pavelich, 229 B.R. 777 (B.A.P. 9th Cir. 1999): This case highlights the limited role of bankruptcy courts in challenging state court judgments directly, focusing instead on how those judgments are treated in bankruptcy.**

**Again, this section was necessary so as to rebut the presumption of the lower court judicial officer and the unlawful testimony of the alleged attorney representing the lender, proffered on the record . The attorney has provided no proof on the record that he indeed represents the lender and we have the right to request such. We do not have to accept the court's waiver, simply because the attorney is an officer of the court, the very moment the court allows its officers to simply represent somebody**

**without proving that there is a power of attorney on file, makes it self-serving and prejudicial, as it is unequal and violates the fairness doctrine.**

**The law has to be fair and equal, if I were to have someone representing me, I would have to provide proof that I've given that person my power and authority. Every company has such a policy especially with large corporations. So, were only asking for proof that the attorney is whom he or she claims to be, but, that is ignored when raised, that is not due process, that's right of any party. We do hereby challenge to jurisdiction of the creditor and its attorney and remind this court that jurisdiction can be challenged at any time, jurisdiction is not just limited to the jurisdiction of the court, the jurisdiction of the parties but subject matter such as jurisdiction of the application of the Rooker-Feldman doctrine?**

**These challenges are also permitted under due process, as it is a simple fact, that it was the Bankruptcy Court judicial officer, who brought forth the presumption allowing for challenge to the presumption in all of its instances, as it affects our personal, property, legal, equitable interests as expressed in section 541 of the bankruptcy code and must be protected, and must be honored as timely raised!**

c. **We challenge the introduction of the Rooker-Feldman doctrine into this matter as unwarranted. We present that the Rooker-Feldman doctrine is inapplicable in areas where States have waived their right to sovereignty by adopting federal jurisdictional statutes. No State can claim sovereign interference when it has waived its right to such a claim by the adoption of the aforementioned acts and the Uniform Commercial Code. Either these acts are lawful at the State level and applicable on the State level, or they are unlawful at the State level while enacted at the federal level and do not violate the State's sovereignty. The law states that a State my opt-out, but can't enjoy the benefits and partake of the fruit and later claim it did not eat, "you can't have it both ways."**

d. **This case had nothing to do with a judgment in State court. Proof of our intent is that at no time did we present any evidence of a State court judgment that we were attempting to impede. We brought to the court's attention that the**

**alleged creditor had not provided proof of claim as required by law. Copies are not evidence, and since the bankruptcy code says documentation and does not require originals to be on the record, that violates our right to due process. We present to the court that there have been alterations to those documents, that they do not reflect what the originals say.**

e. **Under the Fair Debt Collection Practices Act, the Consumer Credit Protection Act, the Fair Credit Reporting Act, and the Truth in Lending Act, we have the right to accurate records, accurate accounting, and the right to challenge the debt at any time. The debt is a jurisdictional issue, and jurisdiction over the alleged debt may be challenged at any time, even in Bankruptcy Court. Is our understanding of this principle doctrine not in line with the law?**

B. **We brought to the court's attention that we had placed the funds in escrow and were trying to work with the bank to resolve the issue. The court referred to us as deadbeats, saying we were not normal people, because normal people would simply pay when someone demands payment.**

   a. **Does not the law permit and allow a party to challenge a debt and/or the accuracy of the accounting?**

**According to the National Review Commission for Bankruptcy, the following practice must be held as unconstitutional. We challenge the constitutionality of this practice as it violates the Constitution's delegation of authority clause.**

- **The jurisdiction of a court must follow its function.**

**The function of the bankruptcy court is to provide a collective proceeding to treat all claims and interests in the property of a debtor's estate. The cost of administering these proceedings is borne by creditors. Principal goals of the bankruptcy process are to maximize the return to creditors and provide debtors with a fresh start or the ability to reorganize. A quick, efficient, and final**

**determination of the claims and interests in the property of the estate accomplishes these goals.**

**Granting bankruptcy courts broad jurisdiction to quickly, efficiently, and finally resolve claims and interests in the property of the estate is not a new idea. However, questions about the scope of bankruptcy court authority continue to plague litigants, adding cost and delay to a system that seeks to achieve speed, efficiency, and finality. All of the Commission's recommendations on the structure of the bankruptcy court are designed to reduce the cost, delay, and redundancy that is inherent in the current system.**

**According to the Act of July 10, 1984, Pub. L. No. 98-353, 98 Stat. 333 ("[i]n each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court"). This appears to be an unconstitutional act on the part of Congress, establishing a legislative court to operate in conjunction with an article 3 court, that is abuse of discretion and lack of authority and/or jurisdiction and we do challenge the jurisdiction of the United States Congress in so delegating authority as unconstitutional! We challenge the act, since the Bankruptcy Court was already established, Congress cannot take a legislative unit, and engrafted into the judicial branch of government, this is precisely what the Constitution prohibits it from doing!**

**The Bankruptcy Court is a legislative court created by the legislature, not under Article III of the Constitution. This means that the Bankruptcy Court cannot be a division of the District Court or part of the District Court as presumed and therefore, it appears that the Bankruptcy Court lacked jurisdiction for hearing the matter in the first instance and violated the due process rights of the parties.**

**There will be those who will say that it has been decided, which is all well and good. However, one of the major problems with that type of thinking is that someone cannot decide whether or not they can overrule the Constitution, especially when the prohibition "Congress shall make no law" implies that no one has the authority to make a law that abridges the rights of the people. To breach the delegation of authority doctrine and the separation of powers doctrine would be such an abridgment, according to the intent of the Constitution. We thus bring forth these challenges by this appeal.**

**The United States Bankruptcy Courts are legislative courts created by Congress under its authority to establish "uniform Laws on the subject of Bankruptcies throughout the United States" as provided by Article I, Section 8 of the U.S. Constitution. The United States Bankruptcy Courts are not Article III courts, which means they do not have constitutional authority under the judicial branch of government but under the legislative branch as legislative law judges.**

**Because they are legislative courts and not district courts, any claim that they are part of the District Court would be inaccurate as well as inappropriate in any instance including this one:**

1. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)**
   - **This landmark case established that bankruptcy courts, as Article I courts, cannot adjudicate certain state-law claims that are only tangentially related to bankruptcy. It highlighted the limitations of bankruptcy courts and affirmed their legislative nature.**

2. **In re Mankin, 823 F.2d 1296 (9th Cir. 1987)**
   - **The Ninth Circuit elaborated on the legislative nature of bankruptcy courts and the scope of their jurisdiction. It confirmed that while bankruptcy courts are established under Article I, they must operate within the constraints defined by Congress.**

3. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)**
   - **This case further discussed the legislative nature of bankruptcy courts and emphasized that certain disputes traditionally adjudicated in Article III courts require jury trials, which bankruptcy courts cannot conduct due to their legislative status.**

4. **In re Wood, 825 F.2d 90 (5th Cir. 1987)**
   - **The court discussed the jurisdictional limits of bankruptcy courts and the ability to challenge their jurisdiction, particularly in relation to the validity of the debt underlying the bankruptcy case.**

5. **In re Omni Video, Inc., 60 F.3d 230 (5th Cir. 1995)**
   - **This case highlighted that challenges to the jurisdiction of bankruptcy courts, including those based on the validity of the debt, can be raised at any time during the proceedings.**

**Additional Points of Presentment**

**A. The judicial officer appeared to violate the bankruptcy code by failing to recognize necessary essentials as explained by Congress. The court failed to recognize the obligation of contract in contract law. The court appeared to rely on the terms of an outdated contract and evidence that was no longer valid. Although I attempted to bring it to the court's attention, the court responded by stating that it was just some meritless theory.**

**a. This is why having such entered into the record in the form of a document styled as a promissory note, that is often dated years, sometimes decades ago (used for reference intent only), the court accepted such under the rules of evidence, which is completely contrary to the rules of evidence of the courts for the United States of America. Thus, it denies the debtor in such cases due process of law, a fair hearing, and the right to dispute the debt!**

**b. In one breath the court stated it was going according to contract law and in the next breath ignored the principles of the very law it claimed to navigate.**

**c. The principal of what constitutes a "promissory note" is well-established. No court can deny that a promissory note cannot contain an order to pay. In fact, by making a promissory note an order, the obligation ceases to exist when such was done without a party's knowledge. The Commercial Code for the great State of Connecticut recognizes this faux pas, The correlating state of Connecticut version of UCC § 3-407 is found in the Connecticut General Statutes § 42a-3-407. Here are the key points of the Connecticut version:**

**Definition of Alteration: In Connecticut, "alteration" is defined as an unauthorized change in an instrument that modifies the obligation of a party, or an unauthorized addition of words, numbers, or other changes to an incomplete instrument relating to the obligation of a party.**

**Effect on Parties: The effect of alterations on parties in Connecticut is as follows:**

**Fraudulent Alteration: If an alteration is fraudulently made, it discharges a party whose obligation is affected by the alteration, unless that party assents to the alteration or is precluded from asserting the alteration defense.**

**The alteration is deemed fraudulent, in that it converts the non-negotiable promissory note into a negotiable promissory note, alters a notarized document after seal, and allows for the instrument to be transferable, re-depositable, which was not the intent of the parties initially as the original promissory note did not contain the language of negotiability as defined in law (42 a 3 UCC §407).**

**Rights of Payor Bank or Drawee: In Connecticut, a payor bank or drawee that pays a fraudulently altered instrument, or a person taking it for value in good faith and without notice of the alteration, may enforce rights with respect to the instrument according to its original terms or as completed in the case of an incomplete instrument.**

**Example: If a negotiable instrument in Connecticut is fraudulently altered to increase the amount, the party whose obligation is affected by the alteration is discharged, unless they assent to the alteration or are precluded from asserting the alteration defense. However, a payor bank or drawee that pays the fraudulently altered instrument, or a person taking it for value in good faith and without notice of the alteration, can still enforce the instrument according to its original terms or as completed. Connecticut General Statutes § 42a-3-407. (2023) - Alteration. :: Title 42a, Article 3 - Negotiable Instruments :: 2023 Connecticut General Statutes :: US Codes and Statutes :: US Law :: Justia [this is unconstitutional, as the proper course would be to hold the party who did the alteration responsible for the obligation of the instrument, yet this was not voted on, not passed in law by Congress, but created by some committee which is why the Uniform Commercial Code is not construed as a law in the United States, as it does not follow the legislative process, and yes we do challenge the circumventing of the First Amendment prohibition against any law that abridges the rights of the people, and not following the legislative process is such in abridgment!].**

**Connecticut State Building Code - Regulations**

**Connecticut General Statutes § 42a-3-407 (2016) - Alteration. :: Title 42a, Article 3 - Negotiable Instruments :: 2016 Connecticut General Statutes :: US Codes and Statutes :: US Law :: Justia, and the court should have been cognizant of this fact.**

**d. Clarifying the focus under UCC Article 9 §102 (65), the distinction between promissory notes and negotiable promissory notes is absolutely clear. In the scope of UCC Article 9, promissory notes are considered instruments that secure an obligation and are not addressed with the same transferability features that characterize negotiable instruments under Article 3. If it was the intent of the**

**committee, they would have referenced both Article 3 and Article 9 with particularity on this issue. These promissory notes under Article 9 are strictly non-negotiable and are used primarily in the context of securing loans and similar types of financial agreements where transferability is not a primary concern.**

**According to the National Review Commission for Bankruptcy:**

**Objecting to a Claim by a Creditor**

**Under §502(a), a properly filed claim is automatically allowed unless a party in interest objects. If an objection is made under §502(b), the court must hold a hearing to determine the allowed amount of the claim as of the petition date. The objecting party bears the initial burden of presenting evidence to overcome the prima facie validity of the claim. If that burden is met, the burden shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. Section §502(b) lists the non-exclusive grounds for disallowing a claim, such as the claim being unenforceable, for unmatured interest, or exceeding the statutory cap for lease rejection damages. Claims are allowed by default unless objected to, at which point the court determines the allowed amount after an evidentiary hearing where the burdens shift between the parties.**

1. **No part of the debt is nondischargeable.**

The debtor must prove the creditor's refusal was unreasonable and the proposal was timely.

The debtor in a bankruptcy proceeding may request validation of debt and proof of such accuracy of accounting including challenging any payment discrepancies such as the original deposit via the FDCPA and the FCRA. Even if it were possible for the creditor alleged in this matter to be exempt from the requirements, not from the FCRA!

This case involves a debtor invoking the FDCPA to dispute the accuracy of the debt claimed in bankruptcy. The court acknowledged the debtor's rights under the FDCPA to request verification of the debt from the creditor and noted that the filing of a proof of claim in bankruptcy acts as a collection activity, thus triggering the protections of the FDCPA. **In re Chiang, 355 B.R. 794 (Bankr. E.D. Va. 2006)**

In this decision, the bankruptcy court considered the applicability of the FCRA in a bankruptcy context. The debtor challenged the accuracy of the information reported by creditors to credit reporting agencies. The court found that inaccuracies in such reports could be disputed under the FCRA, and such disputes could affect the handling of the debtor's bankruptcy case. **In re Tran, 426 B.R. 782 (Bankr. N.D. Cal. 2010).**

The Seventh Circuit addressed a situation where a debtor used both the FDCPA and the FCRA to challenge the validity of a debt that was being pursued by a creditor in a bankruptcy proceeding. The court held that the debtor had the right to challenge the debt's validity and the accuracy of its reporting, emphasizing that such challenges are crucial for ensuring the integrity of the bankruptcy process. **In re Crawford, 324 F.3d 539 (7th Cir. 2003).**

We are grateful that bankruptcy court decisions are generally construed as cognizable universally.

**Two recent decisions, one by the Eleventh Circuit Court of Appeals and one by the Judicial Committee of the Privy Counsel (United Kingdom), show that domestic courts (whether in the United Kingdom or in the United States) will recognize the validity of asset sales and restructuring plans approved in foreign bankruptcy proceedings based on principles of international comity and universality. Thus, a domestic creditor ignores a foreign bankruptcy proceeding at its own risk and may be barred from later challenging the validity of the rights granted, transferred or removed in the foreign proceeding.**

**Comity Basis for Dismissal in Daewoo Motor America, Inc. v. General Motors Corp.**

**In Daewoo Motor America, Inc. v. General Motors Corp. et al., 2006 WL 2327562 (11th Cir. Aug. 11, 2006), the Eleventh Circuit Court of Appeals found that the lower court did not abuse its discretion when it dismissed the complaint filed by Daewoo Motor America, Inc. (Daewoo America) based on the ground of international comity.**

---

**Summarization:**

**Articulable as well as sensible Presentment-**

**We put this presentment through several language models, (3), so as to rebut any attempt to claim that it's difficult to understand, does not articulate the facts as evidenced in law or that it is nonsensical lacking cohesiveness. Liberal**

**construction is required in the law and we petition for redress of grievances for any attempt made or like that done by the Bankruptcy Court, asking us to rewrite something that required no rewrite because the judges own words testified against her, whereby she asked us to rewrite the entire document not stating a single error that needed to be restated, she did however take the time to explain several sections, which obviously means, she did have an understanding. Asking us to show cause, and when we did, ignoring the show cause presentment. So, we do hereby incorporate every presentment we provided to the Bankruptcy Court into the record of this matter admitting it as evidence into this case. The fact that our right to petition and our right to access has been blocked and/or denied! If one were to say that the Bankruptcy Court is a legislative court they will prove our point. And if one were to say that the Bankruptcy Court is part of the District Court, they will prove our point, that are access to government has been blocked!**

**It is said that bankruptcy is designed to give one a new start, a fresh start. However, it has been the experience of many individuals who have sought the protection of Bankruptcy Court to walk away disinterested in the legal process and the court system.**

**Many are told that the Bankruptcy Court is part of the District Court, which is an impossibility since the District Court is under Article III and the Bankruptcy Court under Article I. This makes these two distinct branches of government, as structured and created by Congress. While some may see it differently, we have provided the Commission's report and information regarding this particular issue within this presentment to rebut any presumptions to the contrary.**

**Despite our efforts to follow the rules, we observed that others, judicial and other officers of the court, did not adhere to them.**

**We asserted that <u>the debt was incorrect</u>, this operated as a formal challenge, further stating that it is a Federal Reserve Board of Governors obligation as**

**prescribed in TITLE IV section 401 §18 (6), which explicitly holds that when the promissory note is deposited with the local Federal Reserve agent, who is the lender in this instance originally receiving the promissory note, it not only operates as collateral and security for the loan but becomes the obligation of the Federal Reserve Bank approving the loan. The law states that Congress has given the note, when accompanied with the application identified as Federal Reserve Operating Circular 10, Appendix 3, par value with Federal Reserve notes. The financial institution's guide to fractional reserve banking practice, with this particular transaction, amounts to unjust enrichment. The alleged creditor claims a substantial loss, and we have the right to demand they provide proof of such a claim on the record. Is this not what the law says we have the right to do and bring forth such a challenge? The financial institution got the fractional reserve deposits in this particular instant matter and have not documented anywhere in their financial accounting provided us or anyone else for that matter that we are aware of. And then, the financial institution received the monies from the Federal Reserve Board of Governors as identified in section 16 of the Federal Reserve act subsection 4, which was received on my behalf it was supposed to be applied to our loan, that's nowhere in the supplied unauthorized and/or signed and/or verified and/or validated accounting. And then there is the original funding which creates the balance to be offset and/or paid off, it appears nowhere in the accounting statement. We believe this to be intentional, we believe it to be deliberate, and what we do not see is the court recognizing our right to challenge such improprieties, and we object!**

**We exercised our right under federal statutes by placing the monies in escrow, showing our intent to not forsake any legal and/or lawful obligation, thus securing the funds as prescribed by law. It is implausible to anticipate that anyone has ever bothered to secure the funds held in an account to offset the debt claimed by the creditor who alleges they were damaged by a party's failure to pay when in the instant matter, we clearly indicated otherwise. We placed payments deliberately and intentionally into an escrow account, providing the name, account number, and address of the location where the funds were held by a third-party private institution. The court nor the trustee ever took control of the account, had they done so, they would have seen that no one was ever attempting to defraud and/or cause any financial harm or**

**burden, only to document the record and the have an accurate accounting. The court failed in its duty to be impartial and to look at the entire record!**

**Under these circumstances, it appears that the judicial officer for the Bankruptcy Court erred significantly. If the case is remanded, as it should be in our opinion, we request that the officer be recused and the matter assigned to a more competent agent. Alternatively, we request that the matter be removed to District Court for proper handling and disposition.**

**Regarding the petition for a stay pending appeal, the Bankruptcy Court made a final determination denying our request for a stay. The Bankruptcy Court did not provide a valid reason for the denial, although it noted that the opposing party would suffer harm if a stay were imposed. There was no valid response to our questions within the framework and body of the request for the stay. This shall be construed as a formal request for a stay pending the outcome of this matter as the likelihood of a proving or a showing respecting the lack of jurisdiction as well as the lack of authority to ignore our rights by the judicial officer is well established by the record therein.**

**We believe we will win on the merits of our appellate claim(s), as we have shown that the Bankruptcy Court failed to consider our challenge to the debt and our right to challenge the debt, which we did not only at the creditors meeting but throughout the proceedings. We believe we will also win on the merits if the court is fair and judiciously reasonable, recognizing our right to face the actual creditor to ask questions at the creditors meeting. We have not had the right to cross-examine any witness against us, as the only acknowledged witness is the attorney claiming to represent the creditor, which the law states cannot maintain both capacities of attorney and witness in any manner before any court.**

**The federal act enacted March 9, 1933, found in the Congressional record pages 78 through 83, known as the "National Emergency Economic Banking Relief Act," and by at least 470 other federal laws, empowered the executive**

**branch to rule this country. This unprecedented delegation of authority from Congress to the executive branch, as reported by the Committee on the Termination of National Emergency in 1973, has affected the lives of Americans, disregarding the Constitution of the United States of America.**

**We believe the Uniform Commercial Code and the United States Code, not being part of the legislative process and not following constitutional safeguards, were not enacted by Congress as required by law. The law requires a senator to sponsor the bill, the bill must be read on the floor at least twice, and it must pass through a committee at least once. When it goes and passes through the House or the Senate, it must be sent to the President. We cannot find either an enactment clause on the state level or federal level for either the United States Code, which includes the bankruptcy code, or the Uniform Commercial Code, which has been adopted by every state in the union. Therefore, there could not be a proper dismissal because jurisdiction has not been properly established as to what laws are being followed.**

**Congress has only enacted the title and not the code itself, expressing their intent with wording such as "Positive Law Title" and "Non-Positive Law Title." These ambiguous intent indicators are self-evident.**

**For the foregoing reasons, Petitioner respectfully proffers that the judgment/order of the Bankruptcy Court should be reversed/vacated, and the case remanded for further proceedings as requested above.**

## CERTIFICATION/VALIDATION/VERIFICATION:

**The aforementioned is wholly accurate, attested, ascribed, declared, affirmed to be as indicated herein, witness by either firsthand knowledge and/or information, and before God as such under penalty if held otherwise. A copy of the foregoing is being mailed or has been mailed to all interested parties are parties of interest, in a manner prescribed by law, including but**

**not limited to, electronic mail services such as the one engaged with the clerk of the court, and/or by first class mail by United States Postal Service, on this, May 20, 2024**

**Dated: May 20, 2024**

**Respectfully presented,**

**Ronald Benjamin Mitchell**

x. Ronald-Benjamin: Mitchell
w/o prejudice UCC1-308

**Deborah Ann Mitchell**

x. Deborah-Ann: Mitchell
w/o prejudice UCC1-308

# JURAT

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of Connecticut
County of New Haven

On **May 20, 2024,** before me Rita Seddoh Notary Public, personally stood **Deborah Ann Mitchell** a natural person, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of Connecticut that the foregoing paragraph is true and correct.**

Deborah Ann Mitchell

WITNESSED my hand and official seal.

Notary Signature ____________________ Expires on ____

RITA SEDDOH
Notary Public, State of Connecticut
My Commission Expires Jul 31, 2028

(Seal)

In Re: Ronald Mitchell on behalf of the,

RONALD BENJAMIN MITCHELL ESTATE, et al

Case # 3:24-cv-00818-OAW

# CERTIFICAT OF SERVICE

Certifies that on **May 20, 2024,** copies of the following documents served: Appellate Brief, Statement of Issues, Appellate Disposition on issues "Addendum"

Were sent to the following induvial(s) listed below

**Parties Served electronically, walked in or mailed by US postal service:**

McCalla Raymer Leibert Pierce, LLC

50 Weston Street

Hartford, CT 06120

Linda St. Pierre bankruptcyecfmail@mccalla.com

U.S. Trustee Office

150 Court Street Rm. 302

New Haven, CT 06510-7016

USTPRegion02.NH.ECF@USDOJ.GOV

Chapter 13 Trustee

10 Columbus Blvd.

Hartford, CT 06106

Patrick Crook pcrook@ch13rn.com

United States District Court of Connecticut

141 Church Street New Haven, CT 06510