MAY 20 2024 PM1:59
FILED-USDC-CT-NEW HAVEN

# UNITED STATES DISTRICT COURT DISTRICT
# IN AND FOR THE STATE OF CONNECTICUT

**Case No. 3:24 -cv-00818-OAW**

**In Re: Ronald Mitchell on behalf of**

**the RONALD BENJAMIN MITCHELL ESTATE et al., Appellate**

## STATEMENT OF ISSUES:

The appellant, Ronald Mitchell, respectfully presents the following issues for review on appeal:

1. **Jurisdictional Challenge** - Whether the bankruptcy court had jurisdiction to hear the matter given the appellant's explicit challenge to the debt's as well as the creditors jurisdiction and unconstitutional requirement for one to submit to the court's jurisdiction, for such submission amounts to involuntary servitude and is not mandatory under law but an unconstitutional practice.

2. **Material Alteration of the Nonnegotiable-Promissory Note** - Whether the addition of the endorsement "pay to the order... without recourse" constitutes a material alteration of the nonnegotiable-promissory note as defined by Connecticut General Statutes § 42a-3-407, converting it to a negotiable-promissory note contrary to the original intent of the parties and of the maker.

3. **Fraudulent Alteration** - Whether the alteration of the promissory note was made for fraudulent purposes, thereby discharging the appellant's obligation under the original terms of the note. The alteration was done outside the presence of the maker, it was done for financial purposes and/or gains, that was done with knowing intent and its alteration affects the obligation of the maker. Converting a nonnegotiable promissory note, to a negotiable promissory note extinguishes the "nonnegotiable promissory note" creating

a new instrument known as a "negotiable promissory note". A nonnegotiable promissory note and negotiable promissory notes are not synonymous in law, the Bankruptcy Court ignored these facts, we have the right to have these facts address with specificity, and for determination to be made on the record so that we may appeal such adverse determination to a court of proper jurisdiction!

4. **Due Process Violations** - Whether the bankruptcy court's procedures and refusal to grant an evidentiary hearing violated the appellant's due process rights. We realize that the court will try to make it about us like the Bankruptcy Court attempted to do, will try to focus on mental concepts and/or issues which are nowhere to be decided upon in law. We object to such practices and asked the court stick to the facts of the case! And that is, whether the explicit request for an evidentiary hearing, the challenge to the debt, the challenge to the creditor standing are recognizable under the bankruptcy act and if they are then there is evidence on the record that the appellant was denied due process and no opinion to the contrary can overrule the record!

5. **Right to an Article III Judge** - Whether the appellant was denied the right to have the case heard by an Article III judge, as opposed to a Bankruptcy magistrate. We are told in one breath that the Bankruptcy Court as part of the District Court is so, then the guaranteed to be before an Article III judge was never offered! The Bankruptcy Court is set to be an article 1 court which violates our rights under the Constitution to access the judicial branch of government which is Article III this legislative court circumvents the right of the people to access government and we do hereby raise this issue before this court which has never been addressed by any court so as to get it resolved!

6. **Re-definition under Court's Style Manual** - Whether the court's application of its style manual rules and procedures which defines appellant's and other members of society status and augmenting their capacity under the law of personalities, which we believe violates the appellant's constitutionally secured rights.

7. **Unjust Enrichment** - Whether the alteration of the original non-negotiable promissory note to a negotiable-promissory note allowing and permitting for transferability, redistribution, redeposit for fractional reserve banking

leading to the financial institution's subsequent actions amounted to unjust enrichment and apparent fraud under the Federal Reserve Act and applicable banking regulations.

8. **Discrimination and Prejudice** - Whether the appellant faced discrimination and prejudice from the judicial officer, it's not a matter for this court to decide, for such must be decided by an independent jurist and since this particular body participates in the practice of telling the public that the Bankruptcy Court is part of the District Court one that is an impossibility as it violates the nondelegation doctrine and the separation of powers doctrine, affecting the fair administration of justice, must be a matter for an independent body and/or jury to decide.

9. **Right to Appeal and Redress** - Whether the appellant's right to appeal explicitly implied in the right to petition for redress of grievances under the Constitution was infringed by the court's handling of the case, rules and regulations and the procedures in place, associated with an appeal. Holding that an appeal only permits the court to review the lower courts procedural process and not the record itself as a whole. Whether or not a judicial officer and/or magistrate and/or legislative judge has acted in clear absence of all jurisdiction, when the word redress implies a duty and/or obligation to correct the wrong when it is within one's ability to do so. Redress and correction of wrongs via government is a mandatory provision and not a discretionary provision in law, and it must be decided.


The appellant seeks the reversal or vacatur of the bankruptcy court's judgment/order and a remand for further proceedings, including an evidentiary hearing to address the issues presented, before a different jurist, one who has authority under article 3 of the Constitution as it is a right when accessing the judicial branch of government!


## CERTIFICATION/VALIDATION/VERIFICATION:

The aforementioned designation of record and statement of issues are wholly accurate, attested, ascribed, declared, and affirmed to be as indicated herein, witnessed by either firsthand knowledge and/or information, and before God, under penalty if held otherwise. A copy of the foregoing is being mailed or has

been mailed to all interested parties or parties of interest in a manner prescribed by law, including but not limited to electronic mail services such as the one engaged with the clerk of the court and/or by first-class mail by United States Postal Service on this May 20, 2024.

Respectfully presented,

Ronald Mitchell

*Ronald-Benjamin: Mitchell. BENE w/o prejudice UCC 1-308*

*Deborah-Ann: Mitchell. BENE w/o prejudice UCC 1-308*

# JURAT

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

State of Connecticut
County of New Haven

On **May 20, 2024,** before me _Rita Seddoh_ Notary Public, personally stood **Deborah Ann Mitchell** a natural person, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of Connecticut that the foregoing paragraph is true and correct.**

WITNESSED my hand and official seal.

Notary Signature _____ Expires on _____

RITA SEDDOH
Notary Public, State of Connecticut
My Commission Expires Jul 31, 2026

(Seal)

In Re: Ronald Mitchell on behalf of the,

RONALD BENJAMIN MITCHELL ESTATE, et al

Case # 3:24-cv-00818-OAW

# CERTIFICAT OF SERVICE

Certifies that on **May 20, 2024,** copies of the following documents served: Appellate Brief, Statement of Issues, Appellate Disposition on issues "Addendum"

Were sent to the following induvial(s) listed below

**Parties Served electronically, walked in or mailed by US postal service:**

McCalla Raymer Leibert Pierce, LLC

50 Weston Street

Hartford, CT 06120

Linda St. Pierre   bankruptcyecfmail@mccalla.com


U.S. Trustee Office

150 Court Street Rm. 302

New Haven, CT 06510-7016

USTPRegion02.NH.ECF@USDOJ.GOV


Chapter 13 Trustee

10 Columbus Blvd.

Hartford, CT 06106

Patrick Crook  pcrook@ch13rn.com


United States District Court of Connecticut

141 Church Street  New Haven, CT 06510